FINGERHUT v. GOLKINS.

(Supreme Court, Appellate Term.    April 9, 1912.)

MONEY LENT (§ 7*)—LOAN—EVIDENCE—SUFFICIENCY.

In an action for money loaned, evidence *held* insufficient to show that the money was loaned to the defendant, and not paid to him upon debts due him from the plaintiff and her husband.

[Ed. Note.—For other cases, see Money Lent, Cent. Dig. §§ 11–13; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Clara Fingerhut against Sam Golkins.    From judgment for plaintiff, defendant appeals.    Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Jacob J. Schwebel, for appellant.
Louis Halle, for respondent.

BIJUR, J.    Plaintiff sues for $200, money loaned.    The defense is that plaintiff's husband owed defendant $125 for smokers' materials sold from time to time; that defendant threatened to sue, whereupon plaintiff induced defendant to give her $75, and $1.50 interest, with which to redeem one of her diamond ear-rings, in order that she might repledge them for a greater sum, which she forthwith did, obtaining $275, $200 of which she gave to defendant in payment of his claim.

While the testimony of the parties is contradictory, it is apparent from the record that the judgment in favor of the plaintiff is manifestly against the evidence.    The learned trial judge said, in substance, that he considered the story of the defendant exceedingly improbable, in that, although he was unwilling to extend further credit to the plaintiff, after having furnished her goods to the amount of $150, he was, nevertheless, willing to hand her $75 in cash for the purpose of redeeming one of her ear-rings from pawn, in order to pledge both of them to raise a sum sufficient to repay this sum of $75, plus the $150 which he had already advanced.    There is, however, nothing at all improbable in the transaction.    Refusal to extend further credit to the plaintiff may have been due entirely to lack of faith in her business ability to meet any greater debt.    Trusting her for $75 for a specific purpose (of ultimate benefit to himself also) implied merely faith in her integrity—which was not at all inconsistent with distrust of her business ability to the extent indicated.    On the other hand, the theory of plaintiff that, in her circumstances, she was willing, without any particular object in view, to loan $200 to one who, she pretends, was practically a stranger to her so far as any business relation went, is almost incredible.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.    All concur.